IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-65,248-01






EX PARTE OLLIE LEE WILLIAMS, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F35016 IN THE 18TH DISTRICT COURT

JOHNSON COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of possession of a controlled substance, and upon the revocation of community
supervision punishment was assessed at eighteen (18) months' confinement. No direct
appeal was taken.

 Applicant contends that he has been denied credit toward his sentence for time served
in jail prior to the revocation of community supervision.

 The trial court has entered an order concluding "that there are no controverted,
previously unresolved issues of fact material to the legality of the Applicant's confinement." 
However, these findings are not supported by the record. Applicant has alleged facts that,
if true, might entitle him to relief. Ex parte Canada, 754 S.W.2d 660, 668 (Tex. Crim. App.
1988). Therefore, it is this Court's opinion that additional facts need to be developed, and
that because this Court cannot hear evidence, the trial court is the appropriate forum. The
trial court shall resolve those issues as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d),
in that it may order affidavits, depositions, or interrogatories from the appropriate officials
of the Texas Department of Criminal Justice, or it may order a hearing. In the appropriate
case the trial court may rely on its personal recollection.

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing.

 Following receipt of additional information, the trial court shall make findings of fact
as to whether Applicant has satisfied the statutory exhaustion requirement. Tex. Gov't
Code Ann. § 501.0081. The trial court shall then make findings as to whether the Texas
Department of Criminal Justice has credited Applicant's sentence with time served in jail
prior to the revocation of community supervision. The trial court shall also make any further
findings of fact and conclusions of law it deems relevant and appropriate to the disposition
of the application for writ of habeas corpus. The trial court shall supplement the habeas
record with copies of all documents upon which its findings are based.

 Because this Court does not hear evidence, Ex Parte Rodriguez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within ninety (90) days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
one hundred twenty (120) days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 30TH DAY OF AUGUST, 2006.




EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.